June 30, 1941. } No. 3278a

## Opinion of the Justices.

June 25, 1941, the Governor and Council adopted the following resolution:

"Whereas the General Court at its 1941 session made certain appropriations for the fiscal years ending June 30, 1942 and June 30, 1943, (Laws 1941, chapter 211 and chapter 212).

"Whereas the unrestricted revenue to be received for said fiscal years will be insufficient to pay the amounts called for in said appropriation acts.

"Whereas the restricted revenue in the special fund provided for by Laws 1931, chapter 126 as amended, together with the unrestricted revenue to be received will be sufficient to pay the amounts called for in said appropriation acts.

"Whereas the Governor and Council under Laws 1931, chapter 126 as amended, have certain powers to expend money for general purposes authorized by law and to approve the borrowing of money by the State Treasurer; and the State Treasurer under the direction of the Governor and Council is authorized to borrow money under Public Laws, chapter 15, section 12 as amended by Laws 1935, chapter 7, section 1.

"Whereas the Governor and Council under Laws 1931, chapter 126 as amended have certain powers to provide for the payment of bonds and notes, whose payment is not specially provided for by law.

"Whereas doubt exists as to the interpretation of the above mentioned laws and statutes and it is desired that this doubt shall be removed.

"Whereas said doubt, unless removed and settled, might occasion the calling of a special session of the legislature.

Now, Therefore, Be It Resolved, on motion duly made and carried by the Governor and Council that the opinion of the Justices of the Supreme Court be requested upon the following important questions upon this solemn occasion:

"(1)  Does the Governor and Council have authority, under the provisions of Laws 1931, chapter 126 as amended, to expend money for general purposes authorized by law and to borrow sufficient money to provide for the payment of the difference between the money called for in said appropriation acts and the unrestricted revenue received by the state?

"(2)  Does the Governor and Council have authority, under the provisions of Laws 1931, chapter 126 as amended, to expend 'for general purposes authorized by law in the total amount of not in excess of one million dollars, less such net amount as may be covered into the general funds from the proceeds of temporary loans authorized by section 2,' and in addition to approve the borrowing of money by the State Treasurer under Public Laws, chapter 15, section 12 as amended by Laws 1935, chapter 7, section 1, not exceeding 'the sum of one million six hundred thousand dollars per annum,' for the purposes set forth in question 1 above?

"(3)  Does the Governor and Council have authority, under the provisions of Laws 1931, chapter 126, section 1 (3) to provide 'for the payment of bonds and/or notes and interest thereon whose payment is not specially provided for by law' in a sum not to exceed 'one million six hundred thousand dollars per annum.' ?"

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court furnish this opinion in answer to the inquiries of your resolution of June 25, 1941.

Interpretation is required of Laws 1931, chapter 126.  That act, approved April 28, 1931, had a two-fold purpose, specifically stated. The first was "to rehabilitate the treasury balances as of July 1, 1931," since it was apparently expected that there would be a deficit when that date arrived.  The second was to "retire at the earliest practicable time so much of the state debt as has not otherwise been provided for out of specific revenue."

To effectuate the latter end, it was provided that there should be set aside certain revenue then designated.  Later amendments

536

have provided that certain other specified revenue shall be set aside for the sinking fund.

In order to restore the treasury balances as of July 1, 1931, the State Treasurer was authorized, with the approval of the Governor and Council, to borrow on short-term notes not exceeding $1,000,000, subject to the approval of the Governor and Council. The proceeds of these notes were to be paid into the general funds. The notes and interest were to be discharged by drafts on the sinking fund, but in case the sinking fund were insufficient to discharge them at maturity, they might be renewed until they could be so discharged. It was apparently thought that some accumulations in the sinking fund might be used to avoid borrowing, so the Governor was authorized to draw his warrant against the sinking fund for not in excess of $1,000,000, less such net amount as might be covered into the general funds from the proceeds of the notes specially authorized for the sole purpose of wiping out the deficit as of July 1, 1931. There was thus appropriated for that purpose a total of $1,000,000, which might come originally from the proceeds of the notes or in part from that source and in part from the revenue in the sinking fund. But since the notes were to be paid eventually out of the sinking fund, the whole burden of wiping out the deficit was in the end to be paid out of the sinking fund.

That is the only authority that the legislature, in the act of 1931, gave for the transfer of sinking fund to general purposes. The authority was exhausted when the special notes authorized by Section 2 of the act were finally retired out of the sinking fund. The authority given to the Governor and Council to do this was mandatory. The act of 1931 contemplated no recurrence of a deficit in future years, and made no provision for such a contingency.

But the act of 1931 did give the Governor and Council discretionary authority to draw against the sinking fund for any one or more of three purposes: (3) for the payment of bonds or notes whose payment is not specifically provided for by law, (4) for the purchase and cancellation of such bonds and notes, (5) for setting up a sinking fund for the purchase or payment of such obligations. There was no grant of discretion of any sort to use the sinking fund for any purpose other than eventual debt-retirement, after the cost of the treasury rehabilitation of July 1, 1931, had been paid. The rest of the fund, with subsequent accruals, was left sacred to debt-retirement unless the legislature should make other provision.

The legislature has, since 1931, never authorized the use of the

sinking fund for general treasury purposes except in particular instances. It has not altered the act of 1931 by giving the Governor and Council general authority so to do. Laws 1939, chapter 201, validated drafts on the sinking fund for specified sums for general use during the two fiscal years ending June 30, 1941. The apparent object was to avoid general fund deficits in those years. But neither that act nor the act of 1931 has any application to expected deficits in the biennium 1941-1943.

Laws 1933, chapter 176, and Laws 1935, chapter 129 represent another device for rehabilitating treasury deficits in those years. They authorized the issue of bonds or notes and appropriated the proceeds to the rehabilitation of the treasury. If the obligations so issued were chargeable at maturity to the sinking fund, it was because of an exercise of discretion by the Governor and Council in dealing with debts "whose payment is not specially provided for by law." They certainly were not mandatory charges on the fund as was the case with the 1931 and 1939 acts. The provisions of Laws 1937, chapter 202, sections 38, 48, 50, to provide funds for public welfare, stand similarly to the acts of 1933 and 1935.

The prospective deficits concerning which you now inquire were not provided for by charges to the sinking fund, either directly as in 1939, nor by possibility indirectly as in 1933, 1935 and 1937. If anybody thought that these prospective deficits were to be provided for out of the sinking fund, directly or indirectly, the legislature never gave expression to the intention. Without the act of the legislature they could not be so charged.

The answer to your first two inquiries is therefore in the negative. Replying to the third question, we express the opinion that such borrowings upon bonds or notes as are authorized by section 12, chapter 16, Public Laws, as amended (not exceeding $1,600,000 in any one year) may in your discretion properly be paid out of the sinking fund. The guide for the exercise of discretion will be found in the act of 1931.

> JOHN E. ALLEN.
> THOMAS L. MARBLE.
> OLIVER W. BRANCH.
> ELWIN L. PAGE.
> HENRI A. BURQUE.

June 30, 1941.